63 So.2d 4

**J. E. BEAIRD CO., Inc. v. BURRIS BROS. Limited.**

No. 40407.

Jan. 12, 1953.

Johnson & Morelock and Melvin F. Johnson, Shreveport, for plaintiff-appellant.

Carter, Erwin & Carter, Franklinton, for defendant-appellee.

MOISE, Justice.

This court, having concluded that defendant was entitled.to a reduction on the purchase price of the sweet potato dehydrator involved in this litigation, remanded the case to ascertain 'the' reduction to be made. 216 La. 655, 44 So.2d 693.

Plaintiff is appealing from the judgment of the district court awarding it $570, interest and costs, which judgment allowed a reduction on the purchase price of the dehydrator of $1,538.99, which sum covers alleged losses sustained by defendant from the operation of the alleged defective machine during the years 1945, 1946 and 1947. Defendant answered this appeal and asked for a further reduction of the purchase price and for costs of the original appeal.

The record as made up on the remand is very brief and none too helpful, and we must, therefore, necessarily take into consideration the original record together with the record now before us on the remand.

The inefficiencies of a record often become the perplexities of the judge.

In this instance, it is necessary that we refer to our original decree, which was the result of our finding that there were defects in the machine involved, that it was not consistently performing in compliance with the guarantee, that is, 600 pounds of dehydrated sweet potatoes per hour, and that it was necessary that continuous replacement of parts be made.

It is urged by plaintiff that before arriving at the amount of the reduction of the purchase price, it is necessary to determine the actual cost of the replacements of the defective parts in an effort to have the machine perform according to its guarantee. Such cost, however, is indeterminate. From the record and our findings, the operation of the machine has never measured up to the guarantee. Vendor bought and paid for the cost of replacements and such cost is within his knowledge. Furthermore, vendor was experimenting in the replacement of the parts and these replacements were made for the benefit of the vendor as well as the vendee.

The losses sustained through operation of the alleged defective machine through the years 1945, 1946 and 1947 do not constitute the criterion on which to base the judgment as to a reduction on the purchase price of the dehydrator. Such losses are merely evidential and may be considered in connection with all the evidence submitted.

 It is a fact that the machine was sold to defendant without a motor for the price of $4500, and that defendant installed a motor therein at a cost of $700—making the cost of the machine equipped with the motor—$5200. Defendant paid on account of the purchase price to plaintiff—$2500, and on the judgment on remand, he paid an additional $570.60, or a total of $3070.60. Adding the cost of the motor of $700 to this $3070.60 makes the total cost of the machine to defendant $3770.60. When defendant sold the machine, because of its unsatisfactory performance, he received $2850.

Considering all of the above facts and figures and weighing in mind that the machine was not perfected but was in an experimental stage at the time of defendant's acquisition of it, we cannot say that the trial judge's award of $1,538.99 was not a proper reduction on the purchase price.

For these reasons, the judgment appealed from is affirmed.

HAMITER, J., dissents and assigns written reasons.

HAMITER, Justice (dissenting).

The effect of the judgment from which the present appeal was taken, and herein affirmed by the majority, is to provide a reduction in the purchase price of the sweet potato dehydrator in question.

I am of the opinion that the purchase price should not be reduced to any extent, my reasons therefor having been assigned when the case was here previously, 216 La. 655, 44 So.2d 693.

Therefore, I must respectfully dissent.