VIOSCA, Justice ad hoc.
This is a suit on a promissory note in the sum of $4,000, dated July 3, 1953, payable ninety days after date, with interest at five per cent per annum from maturity until paid and ten per cent attorney’s fees. The note contains the following provision:
“The vendors privilege on machin,.ery, pe,r list at-tqched sold to. me .by Redi-Spuds, Inc. on 6/25/53 is hereby recognized by me in favor of the vendor, and of any and all future holders of this note, and I bind and obligate myself not to sell, pledge or dispose of said machinery to the prejudice of this privilege.”
When the note was filed with the petition, the list of machinery was not attached.
Defendant filed an exception of no right or cause of action, which was referred to the merits. He then answered, admitting his signature to the note, but he plead want of consideration and, in the alternative, failure of consideration.
This appeal is from a judgment of the trial court in favor of plaintiff for the full amount claimed.
The defendant, owner of Dickey’s Potato Chip Company, New Orleans, Louisiana, visited in California during the first half of 1953. While there he had Paul Friorovich, who handled Dickey’s potato purchases in Watsonville, introduce him to C. M. Beard, President of Redi-Spuds, Inc., a corporation incorporated under the laws of California and engaged in the processing of potatoes.
Defendant purchased from plaintiff, through its President, C. M. Beard, a franchise, trade-name, regular trade-mark, and the equipment for semi-processing potatoes — the franchise being exclusive for the City of New Orleans and within a radius of fifty miles from the City of New Or *409 leans. The consideration agreed upon was $10,000, of which $6,000 was paid in cash.
The equipment was shipped to the defendant in New Orleans, and Beard came to New Orleans during June, 1953, for the express purpose of assisting the defendant in setting the machinery in operation. After several conferences and viewings of the machinery, Beard returned to California. Defendant decided to purchase the machinery outright, and some two weeks later he had his auditor draw up the note herein involved, which he signed and .mailed to Redi-Spuds, Inc. in preference to signing a royalty agreement.
After commencing actual operation of the equipment, defendant found that his output was only 25 to 30 one hundred pound sacks per day, which was not profitable to him. Beard testified that he had told defendant that the machinery would turn out around 160 sacks per day, if efficiently operated. However, there was no written guarantee to this effect, and apparently this statement was based on his California operations.
Defendant made several complaints to plaintiff by telephone, and there is testimony that a written complaint was made. However, he made no demand for repair or adjustment of the price. He sold the equipment when he could not realize >what he had anticipated,- and this ‘controversy followed.
Défendant’s exception of no cause or right of action is leveled at plaintiff’s right to sue in the courts of Louisiana without complying with LSA-R.S. 12:211.,'
The trial judge was correct in overruling the exception. We agree with him that the instant transaction was a single sale in interstate commerce, and that RediSpuds, Inc. was not doing business in Louisiana within the meaning qf LSA-R.S. 12:211. Therefore, it was not necessary that it pay excises, taxes, and licenses to the State before it could present a judicial demand in the courts.
Defendant’s pleas of lack and failure of consideration are based upon the alleged misrepresentation of - the product sold, failure of the equipment delivered to perform as represented by plaintiff, and failure of plaintiff to deliver certain items of equipment.
Counsel for the defendant relies upon the case of Moss v. Robinson, 216 La. 295, 43 So.2d 613, which holds that where a plaintiff introduces a-note in evidence Ije is., not required in the first instance to produce any further proof of consideration, .even.thpiigh the defendant has pleaded a want of consideration; but, if the defendant offers evidence which overcomes the prima facie case — -that is, casts doubt upon the reality of the consideration — the ultimate burden of proving consideration, by evidence that preponderates, is on the plaintiff. • ,He also *411 relies on the case of Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257 (to the same effect as Moss v. Robinson, supra), and also on LSA-R.S. 7:28, which reads.:
“Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.”.
We do not believe that the defendant has offered evidence that overcomes the prima facie case. There is no evidence that the machinery was being operated at a maximum efficiency, coupled with skilled and efficient labor. There is testimony that the machine was very dangerous to operate, but we have no evidence showing that this resulted in actual loss. We are presented with no accounting testimony to show a realistic loss, and there is no concrete written guarantee for our consideration — only oral testimony.
Defendant testified that he was to receive two peelers, two conveyors, scales and a handtruck. He contends that he was entitled to the additional peeler and conveyor, which he values at $1,500. Beard testified that it was not agreed that his company would include this additional equipment in the sale price of $10,000. There is direct conflict as to whether the extra peeler and conveyor were to be furnished, but the testimony of Beard,[1] President of Redi-Spuds, Inc., leads us to believe that the scales and handtruck were to be furnished as a part of the agreement and that their value is $80. The defendant, therefore, is entitled to a credit of $80 for the scales and handtruck which were not delivered to him.
A correct list of the machinery agreed upon, which, according to the terms of the note, was said to be attached to the note, was not presented during the trial. However, question arose at the end of the trial concerning a slip of paper (found in the files of one of the counsel), which contained a list of the equipment allegedly purchased by defendant. No one could explain where the list came from, and it did not list the additional peeler and conveyor. It bore hole perforations similar to those in the note. Over the objection of counsel *413 for the defendant, to the effect that the document had not been properly identified, the trial judge reopened the case to take testimony with respect to the list. Beard testified that he did not recall whether or not the list had been attached to the note. Defendant testified that the list could have been prepared in his office, but that it was incorrect in not listing the additional equipment. The trial judge concluded that the list contained a proper enumeration of the equipment and admitted it in evidence. He was of the opinion that the extra equipment was not a part of the agreement.
We believe that the trial judge’s conclusion was predicated in part upon the list, but, irrespective of the list, defendant has not borne his burden of showing that his purchase included the additional peeler and conveyor. Therefore, it is immaterial whether the trial judge admitted the document in evidence without proper identification.
While defendant averred that he suffered financial losses of $20,000, and testified to that effect, he did not testify whether he received a profit or suffered a loss on the sale of the equipment. His testimony was speculative, and we have no accounting records for our review. The instant case is not similar to that of J. E. Beaird Co., Inc., v. Burris Bros., Limited, 222 La. 579, 63 So.2d 4, where a reduction in the purchase price was allowed for a defective sweet potato machine.
For the reasons assigned, the judgment of the trial court is amended, so as to allow -the defendant a credit of $80 for the scales and handtruck not delivered to him. In all other respects, the judgment is affirmed. The costs of appeal are to be borne by plaintiff-appellee, and the costs of the district court are to be borne by defendant-appellant.
HAMITER, J., absent.

. “Q. Scales and handtruck were also missing? A. Yes, sir. The scales and handtruck were worth about $40.00 apiece. If you wanted me to buy in California and ship to New Orleans and pay the freight, it’s a little bit ridiculous; cheaper to buy in New Orleans.
“Q. But Mr. Dickey did feel that was part of the oral agreement? Did-you-agree with him on that? A. That was that. What’s that?
“Q. Did the scales and handtrucks form part of the agreement? A. Seales and handtrucks are in the agreement.
“Q. And they- were never delivered? A. No, not from California.” (Tr. p. 71)