127 So.2d 210 (1961)
Mrs. John C. ESKEW, Plaintiff-Appellant,
v.
Mildred C. WALKER, Defendant-Appellee.
No. 30.
Court of Appeal of Louisiana, Third Circuit.
January 30, 1961.
*211 T. C. McClure, Jr., Alexandria, for plaintiff-appellant.
Gus Voltz, Jr., Alexandria, for defendant-appellee.
Before TATE, FRUGE and HOOD, JJ.
FRUGE, Judge.
This is a suit on a note. From an adverse judgment plaintiff brings this appeal.
Plaintiff is the widow and usufructuary of the late John C. Eskew. Defendant executed a note for $5,000 payable to the order of "Bearer". The note was paraphed "Ne Varietur" for identification with an act of sale and mortgage dated January 6, 1956 which conveyed a residential lot with buildings and improvements thereon in the City of Alexandria. The defendant admits making the note, but alleged a lack of consideration and in reconvention prayed that the note and mortgage be cancelled.
Plaintiff is not a holder in due course. The note had been placed by defendant and deceased, John C. Eskew, in a bank box which was under their joint control. In order to use the box it was necessary that both defendant and deceased request access thereto. Nevertheless, the evidence shows that deceased prevailed upon an officer of the bank to allow him to open the bank box. The note was withdrawn and later found among the effects of deceased. A usufructuary finding a note in the effects of her husband, without more, does not attain the status of a holder in due course within the contemplation of the Negotiable Instruments Law. And in the hands of one other than a holder in due course a negotiable instrument is subject to the same defenses as if it were non-negotiable. See Goldsmith v. Parsons, 182 La. 122, 161 So. 175; La.App., 161 So. So. 879.
The question is who has the burden of proof and whether or not the burden of going forward with the evidence has been met. Plaintiff is neither a holder in due course nor a third holder. Therefore, defendant does not have to prove a failure of consideration, but rather must cast doubt on the reality of the consideration. See Goldsmith v. Parsons, supra; Foster v. Washington, La.App., 105 So.2d 741; Moody v. Gossen, La.App., 125 So.2d 264. The law applicable as correctly found by the trial judge, is this expression from the case of Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257, 258:
"Under the Negotiable Instruments Law of this state and the jurisprudence of this court, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. [LSA-]R.S. 7:24; Moss v. Robinson, 216 La. 295, 43 So.2d 613, and cases there cited. For this reason, a plaintiff suing on a negotiable instrument is not required to produce any proof of consideration when he introduces the instrument into evidence, and this remains true in spite of the fact *212 that the defendant in his answer may have alleged lack of consideration. Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense pro tanto. [LSA-]R.S. 7:28. The burden is thus on the defendant of going forward with the evidence and rebutting the prima facie case in favor of plaintiff. However, if during the trial of the case the defendant offers evidence which casts doubt upon the reality or the amount of the consideration, the presumption that the note was given for value is rebutted, and the burden shifts to the plaintiff to prove consideration by a preponderance of the evidence. Moss v. Robinson, supra."
See also Bevis v. Alexander, La.App., 88 So.2d 398; Redi-Spuds, Inc. v. Dickey, 230 La. 406, 88 So.2d 801; Cooper v. Succession of Cooper, 234 La. 832, 101 So.2d 686; Trailer Enterprises, Inc. v. Eikenbary, La.App., 122 So.2d 655.
Examination of the record before us is convincing on the point that defendant succeeded in raising a substantial doubt as to the reality of the consideration. The doubt is established by the testimony of the defendant and circumstances surrounding the transaction. The trial judge analyzed the testimony and set out his findings in an able opinion. For that reason we deem it appropriate to adopt it as our own and include it herein:
"The facts are that for several years prior to the transaction in question Mr. John C. Eskew and the defendant were close friends. The defendant testified that on several occasions she consulted with Mr. Eskew about the purchase of a home and finally on January 6, 1956, Mrs. Walker purchased the home in question from Mr. Harry Tuma. The consideration set forth in the Act of Sale and Mortgage reads as follows:
"(1) The assumption by the vendee of the payment of that certain mortgage executed by Wilson E. Hutzler et al on June 23rd, 1951 in favor of Rapides Bank & Trust Company, in the original principal amount of $8,100.00 recorded in Mortgage Book 327, at page 17, it being agreed that there is presently due on said mortgage the sum of $60.18 for the December 1, 1955, payment and the sum of $59.00 for the January 1st, 1956, payment, and after these payments shall have been made, that the principal balance on said loan will be $6,821.02 (making a total due on said loan at this time of $6,940.00).
"(2) The assumption by the vendee of the payment of these certain paving liens secured by Ordinance No. 615 and being assessments numbered 23 and 24 respectively, said notes being presently held by Louisiana Baptist Foundation, being understood that the aggregate balance on said notes totals $1,200.14, with the sum of $193.74 being due on January 5th, 1956.
"(3) The sum of $5,000.00 being payable on or before January 6th, 1957. for which the said purchaser has this day executed and given her certain promissory note, made payable to the order of "Bearer."
"From the above we see that the total consideration stated in the Act of Sale and Mortgage was $13,140.34. However, the uncontradicted testimony of Mr. Harry Tuma, shows without any question that the actual consideration for this sale was $12,000. Mr. Tuma testified that he received the sum of $3,859.66 in cash by check from Mrs. Walker and that Mrs. Walker assumed the balance of $6,940.20 remaining due on the first mortgage and the payment of $1200.14 remaining due on a paving lien making a total consideration of $12,000.00.
"From the above undisputed facts it is apparent that there was something *213 undisclosed about this transaction. The defendant's explanation is that because of the fact that she and her husband were at the time living separate and apart but not divorced, Mr. Eskew advised her to sign the note for $5,000.00 which would appear to be secured by a second mortgage on the property and would protect her against any possible future claims from her husband. Mrs. Walker testified that relying upon Mr. Eskew's business judgment and advice, she signed the note but gave no consideration for it.
"The undisputed facts show that the note was signed on January 6, 1956 and that in April of 1956 Mrs. Walker obtained a divorce from her husband. On August 23, 1956 Mr. John C. Eskew and the defendant, Mrs. Mildred Walker, rented a safety deposit box in the Rapides Bank & Trust Company in Alexandria under a rental agreement whereby the signature of both Mr. Eskew and Mrs. Walker was necessary to enter the box. The $5,000.00 note in question was placed in this safety deposit box on August 23, 1956. A further undisputed fact is that on October 22, 1956 Mr. John C. Eskew went to the Rapides Bank & Trust Company in Alexandria alone and prevailed upon the officers of that institution to allow him to withdraw the note in question from the box without the presence or signature of Mrs. Walker. The note was withdrawn and of course later found amongst the effects of Mr. John Eskew, who is now deceased.
"In the case at bar there is, of course, abundant evidence which casts doubt upon the reality and the amount of the consideration for the note and the burden of proof has clearly shifted to the plaintiff to show consideration by a preponderance of the evidence. The factual issue in this case is whether the plaintiff has sustained this [burden] of proof. Plaintiff's evidence in this regard is that Mr. Eskew's attorney closed the entire transaction. Mr. Eskew was not present. The note in question was delivered by the attorney to Mr. Eskew. At the time of closing the transaction the defendant Mrs. Walker issued two checks on her account in the Security National Bank, one for the sum of $338.10 [to] cover past due payments on the mortgage and paving lien and another check for the sum of $3,859.66 payable to Mr. Harry Tuma for the cash portion of the purchase price. These two checks issued by Mrs. Walker at the time of closing the transaction totaled $4,197.76. Plaintiff's evidence further shows that the defendant had, previous to the transaction, maintained only a modest balance in her account at the Security National Bank but on January 6, 1956 she deposited $4,150.00, and on January 7, 1956 she deposited $1,400.00, or a total of $5,550.00 deposited by her about the time of the transaction in question. The plaintiff argues that this cash deposited by Mrs. Walker must have been given to her by Mr. John Eskew.
"The defendant on the other hand, testified that the money was not given to her by John Eskew but that she borrowed $2,000.00 of the money from her father and that the remaining $3,550.00 was money that she had received from a property settlement with her husband and other money that she kept in cash in her house. Plaintiff contends that defendant's explanation of the source of these funds is most unreasonable particularly because defendant's father is a rather elderly man with a wife and two children at home, earning $5,000.00 per year as a supervisor of construction at the Veteran's Hospital in Pineville and plaintiff contends that it is unreasonable to believe that he would save $2,000.00 and keep that amount of money in cash at his home. Plaintiff also argues that it is unreasonable to *214 believe that the defendant would have kept $3,550.00 in cash at her home for over a year when she was working at a salary of approximately $40.00 per week and supporting her two children for a year or more prior to the transaction in question.
"The plaintiff's argument is persuasive but a review of defendant's position also shows persuasive arguments. First of all, there was no check, withdrawal from his bank account, or other evidence amongst the effects of Mr. John C. Eskew to show a delivery of the $5,000.00 to Mrs. Walker. If he gave the money to her [he] must have done so in cash, and the question of course arises as to why he would keep such an amount in cash. Defendant also argues that if this was an arms length transaction why was the note placed in a safety deposit box under a rental agreement providing that the box could be entered only on the joint signature of both Mr. Eskew and Mrs. Walker. Mr. Eskew was without question a business man and it was certainly not a reasonable or logical thing for him to place a $5,000.00 note in a safety box where he could not obtain possession of the note without the consent of the maker.
"The only way in which the Court feels that it can decide this case is on the issue of burden of proof. Clearly it was a strange and unusual transaction and there is overwhelming evidence to cast doubt on the consideration for the note. Viewing the evidence as a whole the Court is of the opinion that the plaintiff has failed to show by a preponderance of the evidence that there actually was consideration given. Therefore, for the reasons set forth above, it is the opinion of the court that there should be judgment herein in favor of the defendant and against the plaintiff rejecting plaintiff's demands at her cost. The Court is further of the opinion that the defendant's demand in reconvention should be granted and there should be judgment herein cancelling the note and the mortgage securing same."
With the foregoing we are in full accord. Plaintiff made out a prima facie case by offering the note sued on in evidence; defendant cast doubt on the reality of the consideration; the burden of going forward with the evidence shifted to plaintiff; plaintiff failed to show consideration by evidence that preponderated. Under these circumstances the plaintiff has not made out his case.
For the foregoing assigned reasons the judgment of the trial court is affirmed. Costs of this appeal to be paid by plaintiff-appellant.
Affirmed.