SAVOY, Judge.
This suit was instituted by plaintiff against defendant to collect on a promis *655 sory note signed by defendant as the maker in favor of plaintiff as holder.
To this suit defendant filed an answer stating (1) that the note was executed under duress, and (2) that there was no consideration for the note.
The evidence reveals that plaintiff is a corporation with its domicile in the Parish of Rapides, doing business in the Parish of Avoyelles. It had among other properties in the Parish of Avoyelles a cotton gin at Evergreen, Louisiana.
Defendant was the manager of said gin for several years until said gin was completely destroyed by fire.
In addition to the gin at Evergreen, plaintiff was in the retail business and sold to the farmers in the vicinity seeds, fertilizer and other products necessary to raise a cotton crop. This was done for the purpose of inducing the neighboring farmers to have their cotton ginned at the Evergreen mill. Some of the products were on the premises at the mill under the control of defendant; some were at the main store at Bunkie, Louisiana, of plaintiff corporation. Some of the farmers would purchase the products directly from defendant at the mill site, whereas, defendant would give written orders to some farmers authorizing plaintiff to make deliveries of merchandise to them from the Bunkie store. This practice continued for a good many years and was terminated when the cotton gin belonging to plaintiff at Evergreen was destroyed by fire. Shortly thereafter, defendant signed the note in question.
LSA-R.S. 7:24 states as follows:
“Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.”
LSA-R.S. 7:28 states as follows:
“Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise.”
The above provisions merely state that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration and in a suit thereon defendant has the burden of proving want of consideration. Mirandona Bros. v. Danos, La.App., Orleans, 1952, 56 So.2d 159.
The questions to be determined in this case are: (1) Has defendant proven that the note was executed under duress, and (2) if he has not, whether he has overcome the burden of proof imposed on him by law to show lack of consideration for the note given by him to plaintiff.
An examination of the record reveals that no duress was exercised by plaintiff in obtaining defendant’s signature to this note. The first contention is without merit.
This Court will next consider the.second defense set up by defendant, namely, lack of consideration.
This Court was impressed by the testimony of a former bookkeeper for plaintiff corporation, namely, Paul Eakin. Mr. Eakin stated that he had been in the employ of plaintiff from 1940 to 1949. He stated that the origin of the account in the name of defendant commenced in the years immediately after World War II; that plaintiff was in the ginning business which was highly competitive and in order to maintain its position in said industry it was necessary for plaintiff to advance cotton farmers seed, fertilizer and poison, which advances were made through the local manager, defendant herein, because he was in a better position to watch and ultimately collect said accounts at the time the cotton was brought in to gin; that in making advances, the general assumption was that the risk was to have been borne largely by plaintiff, and that defendant was actually acting as agent for plaintiff; that while the account in ques *656 tion on which the note was given was in the name of defendant, it could just as easily have been in the name of the Evergreen gin.
The testimony of Eakin was corroborated by several farmers who testified at the trial, namely, Thomas Dobbins, Charles O’Brien, Jr., and Henry Clay Wright. These gentlemen testified to the effect that they purchased supplies during the year from defendant, either in person or upon orders given by defendant on the Bunkie store, but that all of the payments were made to plaintiff directly at its Bunkie store.
The evidence disclosed further that defendant was not paid a salary to manage the gin at Evergreen, but received for his services $1.00 per bale for every bale ginned at said cotton mill.
Counsel for plaintiff relies on the case of Quaintance v. Cook, La.App., 92 So.2d 504, to sustain its position. Counsel maintains that there is a valid obligation to plaintiff by defendant regardless of who owed the obligation, this being true because the promise to pay the debt of a third person if in writing is just as binding on defendant as his promise to pay his own debt; that the signing of the note amounted to a promise to pay the debt of a third person and was sufficient consideration for said note.
The Quaintance case, supra, is distinguishable from the case at bar in that defendant Cook with a roommate, Snyder, lived in plaintiff’s home for several months until defendant decided to move away. Plaintiff had defendant’s car and personal belongings judicially seized for unpaid board and lodging due her by defendant and Snyder, and for monies advanced to defendant in the total sum of $500. Defendant secured a release of his car and belongings by executing an unsecured promissory note in the sum of $500, and when he resisted payment, plaintiff filed suit. There the court found that defendant Cook, prior to the issuance of the note in question, had verbally promised to pay for Snyder’s room and board before Snyder moved to the establishment, and that the note satisfied the requirement that the promise to pay the debt of another must be in writing.
In the case at bar, defendant never did promise to pay the debts of third parties, and has maintained throughout the trial that he was only acting in a capacity as agent for plaintiff. It was also shown that there weré items charged to defendant such as a pump which were actually placed on the mill premises, and said pump was there at the time of the trial, as shown by exhibits in the record of this suit.
This Court concludes that defendant was an agent of plaintiff and that there was no creditor-debtor relationship between the parties, and that defendant has successfully overcome the burden of proof, under the provisions of the negotiable instruments law, created by his signing of said note.
For the reasons assigned, the judgment of the district court is affirmed.
Affirmed.
Rehearing denied; FRUGÉ, J., recused.