TATE, Judge.
This is a suit by the payee to recover upon two promissory notes dated April 25, 1958, each in the amount of $600 and payable, respectively, six months and one year after the date made. Made defendants are the maker of the note, the Four Pac Oil & Chemical Corporation, and also the defendant corporation’s president, Dudley J. LeBlanc, who had personally endorsed the notes as surety.
The trial court held that the plaintiff had not proved by a preponderance of the evidence that the notes had been issued for any consideration, and the plaintiff appeals from the consequent dismissal of his suit.
Aside from certain documents, the only evidence in the record is the testimony of *570 the plaintiff and of the defendant maker’s president. Essentially, able counsel for the plaintiff relies upon the presumption that negotiable instruments are issued for a valuable consideration, arguing that the mere denial by the maker that any consideration was furnished does not serve to rebut such statutory presumption.
It is admitted that absence of consideration is a defense available to the maker against the payee. While LSA-R.S. 7:24 provides “Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value”; LSA-R.S. 7:28 further provides that “Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto whether the failure is an ascertained and liquidated amount or otherwise.”
In the authoritative comment by McDonald, “The Defenses of Want and Failure of Consideration in Negotiable Instruments”, 17 La.L.Rev. 466 (1957), 481-483, the procedure in Louisiana to establish the defenses of want and failure of consideration is summarized as follows:
“The burden of persuasion, which Louisiana places on the plaintiff, never shifts, but remains on plaintiff throughout the trial. As previously indicated, when the plaintiff has availed himself of the statutory presumption of consideration under Section 24, a prima facie case for recovery on the instrument is established. If defendant fails to introduce evidence of the alleged want or failure of consideration, or if the evidence which he adduces is insufficient to overcome plaintiff’s statutory presumption, defendant’s plea of want or failure of consideration will be rejected, and judgment will be given for plaintiff. Under these circumstances plaintiff’s statutory presumption of consideration has sufficient probative value to meet the burden of persuasion and entitle plaintiff to a judgment. In order to overcome plaintiff’s presumption of consideration, defendant must do more than merely deny the existence of consideration; he must introduce evidence, the minimum effect of which is to ‘cast doubt or suspicion on the reality of a consideration.’ This rule is not affected by the fact that under the circumstances any evidence which could show a want or failure of consideration is peculiarly within the knowledge of plaintiff. If defendant successfully overcomes plaintiff’s presumption of consideration, the presumption and its artificial probative value are destroyed, and plaintiff is unaided in his task of meeting the burden of persuasion which has rested upon him throughout the trial. To recover on the instrument, plaintiff must now introduce evidence of sufficient probative value to prove by a preponderance of the evidence that the instrument is supported by a valid consideration.”
Besides the exhaustive citation of authority supporting these conclusions, contained in the omitted footnotes of the quoted article, the following more recent decisions, also apply these principles: Cooper v. Succession of Cooper, 234 La. 832, 101 So. 2d 686; Giannopulos v. Phillips, La.App. 4 Cir., 129 So.2d 306, 309; Eskew v. Walker, La.App. 3 Cir., 127 So.2d 210; Trailer Enterprises, Inc. v. Eikenbary, La. App. 1 Cir., 122 So.2d 655.
In the instant case, the plaintiff introduced the notes and then relied upon the statutory presumption that they had been issued for a valuable consideration. The defendant introduced the testimony of its president explaining that the notes had been issued when, at the plaintiff’s request, an agreement was terminated which had previously granted the plaintiff exclusive rights to distribute the defendant’s products in the New Orleans area; the purpose of the notes being to refund to the plaintiff *571 the cost of the approximately $1,200 balance of the defendant’s merchandise that the plaintiff still had on hand, if the plaintiff was unable to sell this supply within a year. (That is, the defendant was to obtain credit upon these notes for so much ■of its products then in the possession of the plaintiff which the latter was able to sell within the year.) The witness testified that none of the merchandise had been returned at the time of trial in 1960.
Called on cross-examination, the plaintiff admitted that the conference of April 25, 1958 was to terminate his distributorship agreement; but he testified that the two notes totalling $1,200 executed on that •day by the defendant’s president were in compromise of the plaintiff’s claim against the defendant corporation for the return of ■a deposit of $3,500 he had made at the time he had secured the distributorship, and that he, the plaintiff, was also supposed to beep the defendant’s merchandise previously shipped to him in further settlement ■of his claim. (The distributorship agreement dated February 24, 1958 shows that such sum had been deposited “for the purpose of insuring payment for merchandise purchased by the Distributor from the Company” and that such deposit was to be returned to the plaintiff “as soon as the Distributor has distributed and paid for Seventeen Thousand Dollars’ ($17,000.00) worth of the Company’s merchandise”, P-3, Tr. 10.)
Contemporaneous with the execution of the notes, the plaintiff and the defendant executed the following agreement dated April 25, 1958 (P-4, Tr. 11):
“In consideration of $10 and other valuable consideration, the receipt of which is hereby acknowledged, I, Peter M. Tatum, do hereby relinquish my Distributorship and release the Four-Pac Oil and Chemical Corporation, as well as, Dudley J. LeBlanc of any claim or claims that I may believe that I have against them.
“Very truly yours,
Peter M. Tatum.
“In order to help you dispose of the merchandise that you presently have, we will allow you one year without any interference from any other Distributor in the territory originally assigned to you.
“Four-Pac Oil & Chem. Corp,
By Dudley J. LeBlanc.”
The trial court correctly held that the surrounding circumstances and the defendant maker’s president’s testimony denying that the note had been issued for a valuable consideration cast sufficient doubt upon the reality of the consideration as, under the jurisprudence, to overcome the statutory presumption of consideration and to shift the burden of persuasion back to the plaintiff to prove by a preponderance of the evidence that the instrument was issued for valid consideration.
It is true that the plaintiff’s explanation of the circumstances surrounding the transaction is very plausible. But, likewise, the defendant’s explanation is credible also, in the light of the documentary exhibits and other circumstances shown by the evidence.
For instance, as the trial court noted, if the purpose of the compromise agreement and the promissory notes was principally to compromise any liability the defendant may have had to return all or part of the $3,500 deposit, it might seem that the compromise agreement could simply have so stated, instead of declaring that the plaintiff released such a claim “in consideration of $10 and other valuable consideration”. Likewise, the provision of the compromise agreement that the plaintiff should have one year to dispose of the merchandise presently on hand “without any interference from any other Distributor in the territory originally assigned”, despite the termination that same day of the exclusive distributorship agreement, is to some extent corroborative of the defendant’s president’s testimony; even though it is also consistent with the plaintiff’s testimony that he was to keep the merchandise on hand, with the exclusive right for one year to sell it in *572 full settlement (along with the notes for $1,200) for any right he may have had to recover all or part of the deposit paid by him when he had entered into the distributorship agreement.
Since the burden fell upon the plaintiff to prove by a preponderance of the evidence that the notes had been issued for valuable consideration, we do not think that the trial court erred in finding that he had not met this burden. The plaintiff’s own testimony was contradicted by the defendant’s, and the plaintiff failed to produce the testimony of another dissatisfied distributor (Darby) whom he testified had been present with him at the conference of April 25, 1958, when the compromise agreement was reached and the notes were executed. (The defendant’s president, incidentally, explained his own failure to introduce two policemen also present at the conference as due to the death of one and the unavailability, after search, of the other.)
The jurisprudence does not support the contention by able counsel for the plaintiff that the testimony of the maker alone cannot cast sufficient doubt upon the consideration as to dispel the statutory presumption that the negotiable instrument was issued for value. While perhaps a naked denial by the maker unaccompanied by any other explanation or corroborating circumstances might not be sufficient to cast doubt upon the reality of the consideration, nevertheless in several instances the maker’s testimony alone, in the light of the surrounding facts, has been held to be sufficient to rebut the statutory presumption of a valid consideration and to place back upon the plaintiff the burden of proving consideration by a preponderance of the evidence. See, e. g.: Bernard Bros. v. Dugas, 229 La. 181, 85 So.2d 257; Moss v. Robinson, 216 La. 295, 43 So.2d 613 (where the maker likewise testified that the promissory note was executed only as a reassurance and not for a valuable consideration); Eskew v. Walker, above-cited; Trailer Enterprises, Inc. v. Eikenbary, above-cited; Bevis v. Alexander, La.App. 2 Cir., 88 So.2d 398.
The defendant relies upon Quaintance v. Cook, La.App. 1 Cir., 92 So.2d 504 and Mirandona Bros. v. Danos, La.App. Orl., 56 So.2d 159, in support of his contention that the maker’s unsupported testimony does not satisfy the maker’s initial burden of proving want of consideration. While these cases do contain statements to the effect that the burden of proving want of consideration rests upon the maker and not upon the payee, nevertheless, by reference to the facts upon which these decisions are based, it can be seen that the courts in question did not feel that the makers’ unsupported testimony was sufficient, in the light of the attendant facts and even the makers’ ozvn explanations of the transactions, to cast doubt as to whether the notes were issued for valuable consideration and thus to rebut the statutory presumption tO' such effect. See also Redi-Spuds, Inc. v. Dickey, 230 La. 406, 88 So.2d 801.
These rulings are thus distinguishable from our present holding. For we find no-error in the trial court’s determination that, in the light of the present surrounding circumstances, the defendant’s president’s testimony was here indeed sufficient to rebut the statutory presumption that the notes were issued for a valuable consideration, as a result of which the plaintiff payee-had the burden to prove the validity of the consideration by a preponderance of the evidence. Failing to have done so, the plaintiff’s suit was properly dismissed.
For the foregoing reasons the trial court judgment is affirmed, at the cost of the plaintiff-appellant.
Affirmed.