HALL, Judge.
Plaintiff, a sub-contractor, brought this suit against the general contractor and the owners to recover |322.80 balance due (plus stipulated interest and attorney’s fees) on a sub-contract covering the installation of plumbing in connection with the renovation of certain residential property in Jefferson Parish. The trial resulted in a *369 judgment in plaintiff’s favor against the general contractor as prayed for, and the general contractor appealed. Plaintiff’s suit against the owners was dismissed on exceptions of no cause or right of action, and since no appeal has been taken from this part of the judgment, the owners are not before the Court.
On August 7, 1961 Mrs. M. S. Savarese, d/b/a M & M Repair Company, contracted with Mr. & Mrs. Arthur Lewis to renovate certain rental property belonging to them located at 414 Celestine Street in Westwego, Louisiana. This property is situated in a section of Jefferson Parish which had no sanitary sewerage disposal system but relied on open ditches and septic tanks for sanitary waste disposal. Accordingly among other things the general contract called for a cess pool to be installed on the premises.
On September S, 1961 Mrs. Savarese subcontracted all of the plumbing work to plaintiff, a licensed master plumber. Plaintiff’s written proposal, accepted by Mrs. Savarese, reads in part as follows:
“I agree to furnish labor and material to install the plumbing in the house you are remodelling at 414 Celestine Street. Fixtures will be white and are as follows:
“ * * *. 1 500 gal. septic tank complete with a filter bed.”
Plaintiff installed all of the plumbing called for by the sub-contract including the septic tank and filter bed, and has been paid all of the sub-contract price except the sum of $322.80, which Mrs. Savarese withheld because she claimed the septic tank lacked a pump to remove the affluent. There is no complaint on her part that any of' the other plumbing work covered by the subcontract was not properly performed and completed nor does she complain that the septic tank and filter bed themselves were not properly installed. Her sole complaint is that the septic tank lacked a pump which she contends was necessary in order to make the septic tank system operate properly.
Plaintiff contends that his sub-contract does not call for a pump and that furthermore, although not obligated to do so, he actually installed a pump without charge as an accommodation to the owners. It appears the pump was later stolen by parties unknown after plaintiff had completed his contract and left the job.
It seems the whole controversy stems from the fact that the ditch running in front of the property was not deep enough to permit the affluent to flow from the septic tank to the ditch by the force of gravity. The deepening of the ditch was the responsibility of the Parish authorities and at the time plaintiff completed the installation of the septic tank the ditch had been deepened up to a point just two houses away. Plaintiff contends that he was not obligated to furnish a pump and that he could have sat by and waited until the ditch in front of the property had been deepened, but as an accommodation to the owners, and without charge, he installed a lift pump so that the affluent would flow to the ditch.
The record leaves no doubt in our mind that the pump was installed by plaintiff. Thereafter his work was inspected and approved by the Parish authorities and he was given a certificate of inspection and approval. One of plaintiff’s witnesses was the sanitary inspector who made the inspection. He testified that the pump had been installed by plaintiff, that he saw the pump and that the system was functioning properly.
After completing all of his work and receiving the certificate of inspection plaintiff and his crew left the premises in charge of defendant’s workmen who were still engaged in performing other parts of the general contract.
Counsel have argued at length as to whether the installation of the pump was required by the sub-contract. Plaintiff takes the position that all his contract required him to do was to furnish and install a septic tank and filter bed, and that he *370 had no obligation to furnish a pump since a pump would not be needed after the governing authorities had deepened the ditch. Defendant argues that the sub-contract covered the installation of a properly operating septic tank system.
We do not find it necessary to decide this question for the reason that the pump was actually installed by plaintiff and was left on the premises when plaintiff finished his contract and left the job. Sometime later (how long is undisclosed) the pump was removed by parties unknown.
In our opinion plaintiff cannot in effect be held responsible for the disappearance of the pump. The general contractor was in overall complete charge and possession of the premises and when plaintiff finished his job and left the premises all of the plumbing fixtures and appliances installed by him came into the general contractor’s possession and from that time forward the responsibility for their care and protection fell upon the general contractor.
Defendant contends that the subcontractor must bear the risk of loss of the pump until his work is accepted by the contractor and cites Civil Code Article 2758 (LSA-C.C. Art. 2758) which reads as follows:
“Art. 2758. When the undertaker furnishes the materials for the work, if the work be destroyed, in whatever manner it may happen, previous to its being delivered to the owner, the loss shall be sustained by the undertaker, unless the proprietor be in default for not receiving it, though duly notified to do so.”
This article has to do with the relations between the general contractor and the owner, it does not in our opinion have any reference to the relationship between the general contractor and the sub-contractor.
The defendant general contractor reconvened for damages on the ground that her credit had been injured by this law suit. The reconventional demand was dismissed by the trial court, and since no mention of this demand was made by appellant either in brief or in argument we consider it as having been abandoned.
For the foregoing reasons the judgment appealed from is affirmed; costs in both courts to be borne by appellant.
Affirmed.