SAMUEL, Judge.
Plaintiff, a New Yoi'k corporation, brought this suit on two so-called “trade acceptances”, respectively in the amounts of $289.70 and $289.71, executed by the defendant, a partnership. Defendant filed an exception to plaintiff’s procedural capacity and answered averring fraud, failure of consideration, and misrepresentation. The exception as to capacity was referred to the merits and, after trial, there was judgment maintaining that exception and dismissing plaintiff’s suit. Plaintiff has appealed. An additional exception, a third party claim and a reconventional demand were also filed by the defendant. However, as no evidence was offered in support of any of these and as they have not been urged in argument or in brief before this court, the same are considered as having been abandoned. Scott v. Hunt Oil Company, La.App., 160 So.2d 433; Bethea v. Savarese, La.App., 159 So.2d 368; Tingle v. Rogers, La.App., 134 So.2d 110; Allen v. Firemen’s Fund Insurance Company, La.App., 132 So. 2d 662; Garvey v. Great Atlantic & Pacific Tea Co., La.App., 125 So.2d 634.
The instruments on which this suit is based direct that payment be made on a specified date at a named New Orleans bank to the order of Turesco Manufacturing Company, Inc. Each contains the following statement: “The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer.” They were given as consideration for a franchise agreement and contract between Turesco and defendant to sell and purchase paint.
Immediately after signing the contract and “trade acceptances” the defendant partners made inquiries concerning Turesco with the Better Business Bureau and various individuals in this locality. Upon receiving information that the representations made to them by the Turesco traveling salesman about the franchise and paint product were not true and that the product itself was inferior, defendant sent a telegram to Turesco cancelling the contract for failure of consideration and other reasons.. Subsequently they refused to receive a. shipment of the paint. The telegram was. sent to Turesco on May 23. Two days, later defendant received a letter from the plaintiff advising that plaintiff had purchased the trade acceptances from Turesco. (the evidence reveals that plaintiff regularly purchased acceptances from Turesco; that the latter was plaintiff’s “customer”) and that it would put the same through its bank for collection. The letter is dated May-10 but the New York postmark stamped on the envelope in which the letter was contained is dated 7 p. m. May 24. Defendant refused to honor the acceptances and plaintiff made several demands for payment, including particularly three personal demands on different dates by representatives of plaintiff seeking collection. These representatives, or some of them, drove automobiles with New York license plates.
The presence of these three collectors, is the sole basis for defendant’s exception to procedural capacity. Plaintiff has never-qualified to do business in Louisiana and the contention is that sending collectors, employed by plaintiff into this state constitutes doing business in Louisiana under-the first sentence of LSA-R.S. 12:211, subd.. A, which reads as follows:
“No corporation doing business in this state shall be permitted to present, any judicial demand before any court of this state, unless it has complied with the laws of this state for doing business herein, and has paid all taxes, excises, and licenses due to the state.”
We cannot agree with the contention. What conduct constitutes “doing business” in this state within the purview of the ■ quoted statute is a question which must be-determined by the facts in each individual case and the burden is on the defendant to ■ show that a foreign corporation is doing business in Louisiana and therefore must qualify in this state. Equitable Discount Corporation v. Dickinson, La.App., 106 So. *569 2d 800; Quaker Hill v. Guin, La.App., 95 So.2d 370; Lake Superior Piling Co. v. Stevens, La.App., 25 So.2d 120.
The holding in Reynolds Metal Co. v. T. L. James & Co., La.App., 69 So.2d 630, is particularly apropos. In that case representatives were employed by plaintiff in Louisiana to solicit orders for the corporation. Despite the fact, among others, that these representatives had authority to receive checks from customers for trans■mission to the home office of the corporation, we held that such authority and con•duct did not constitute doing business in this state. In the instant case the evidence is only that the three plaintiff representatives attempted to effect collection of the trade acceptances. This by itself does not ■constitute doing business in Louisiana within the purview of the statute as restricted "by the commerce clause of the Federal Con■stitution (U.S.C.A.Const. Art. 1, § 8, cl. 3). See also Redi-Spuds, Inc. v. Dickey, 230 La. 406, 88 So.2d 801; State v. Best & Co., 194 La. 918, 195 So. 356; J. Perez, S. A. v. Louisiana Rice Growers, Inc., La.App., 139 So.2d 247; National Pumps Corporation v. Bruning, La.App., 1 So.2d 320; Norm Advertising v. Parker, La.App., 172 So. 586. The trial court judgment maintaining the •exception of want of capacity to sue is therefore erroneous.
On the merits we are presented with two ■questions: (1) whether or not the defendant has proven its pleaded defenses; and (2) whether or not plaintiff is a holder in due course of the trade acceptances under LSA-R.S. 7:52, particularly those parts of that ■section which require that the holder take the instrument in good faith, for value, and without notice of defect in the title of the person negotiating the same. If plaintiff is a holder in due course it is not subject to the pleaded defenses; if plaintiff is not a holder in due course it is subject to those defenses.
Plaintiff offered no evidence relative to the defenses pleaded. Three witnesses, the two defendant partners and a third party who had had similar dealings with Turesco and the plaintiff, testified on behalf of the defendant. A large part of their testimony was concerned only with the exception as to procedural capacity. Some of it is to the effect that there was a failure of consideration on the part of Turesco, that the Turesco salesman made gross or fraudulent misrepresentations and that the paint itself actually was worthless or so nearly so as to be unsaleable. But the testimony is so interwoven with hearsay we are unable to hold that any defense has been proven with the certainty required by law.
However, from a full consideration of the entire record we are of the opinion there is a firm probability that there was misrepresentation and a failure of consideration which the defendant could prove if given a further opportunity to do so. We believe this to be a proper case for the application of LSA-C.C.P. Art. 2164, which gives this court authority to remand in the interest of justice and to the end that a just and proper judgment may be - rendered. Therefore, we will remand this case to the trial court to afford both litigants an opportunity to offer further evidence regarding misrepresentation, failure of consideration and whether or not plaintiff is a holder in due course.
We do not now pass on the question of holder in due course for the reason that a determination thereof ultimately may depend upon which litigant bears the burden of proof and this, in turn, depends upon whether or not defendant proves failure of consideration. Every holder is deemed prima facie to be a holder in due course but where the maker of a negotiable instrument establishes a failure of consideration the burden is then upon the holder to prove he is a holder in due course. LSA-R.S. 7:59; Rein v. Merriell, La.App., 150 So.2d 73; Liberal Finance Westwego, Inc. v. Haughton, La.App., 143 So.2d 245; Jefferson Securities Corporation v. Walsh, La.App., 134 So.2d 107; Commercial Credit *570 Corporation v. Setliff, La.App., 44 So.2d 167.
For the reasons assigned, the judgment appealed from is annulled and set aside, the defendant’s exception to plaintiff’s procedural capacity is overruled, and the case is remanded to the trial court for the limited purpose of affording both litigants an opportunity to offer further evidence regarding misrepresentation, failure of consideration and whether or not plaintiff is a holder in due course; all costs to await a final determination.
Set aside and remanded.