FRUGÉ, Judge.
This is an action on a promissory note. The defense is failure or lack of consideration.
The plaintiff is the payee and holder of a promissory note issued jointly by the defendant and his former wife, Mary Alice Toups LeBlanc, who is a daughter of the plaintiff. The note is dated May 24,\1961, made out in the amount of $4,000.00, payable on or before five years, with four percent interest accruing from maturity date and ten percent attorney’s fees.
From a judgment in favor of plaintiff on the merits and from the denial of the defendant’s motion for a new trial, the defendant has effected this appeal. The defendant assigns as error the finding of the trial court that the plaintiff had discharged her burden of proof and that the preponderance of the evidence was in plaintiff’s favor. He further charges the trial court with error in its refusal to grant a new trial so that he might join as co-defendant the co-signer of the note and so that he may introduce newly discovered evidence. Alternatively, he requests this court, by virtue of its equitable power to render whatever judgment is necessary to achieve justice, to remand the case for a new trial.
At trial, the plaintiff merely submitted in evidence the promissory note and rested her case, relying upon the presumption created by the Negotiable Instruments Act that adequate consideration was given for the note. R.S. 7:24 states: “Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration * * The significance of that provision is that the plaintiff need present no evidence at all (other than the note itself) in support of the fact that valid consideration was given in return for the note in order to win her case, unless the defendant should first present credible evidence sufficient to rebut the presumption created by the statute. Only then does it become incumbent upon plaintiff, in order to sustain her case, to show by a preponderance of evidence that the consideration was valid and sufficient to support the obligation evidenced by the note.
At the trial the defendant testified and positively denied the existence of any indebtedness to the plaintiff. Whether such denial, standing alone, is sufficient to rebut the prima facie case is a question of fact which the trial court, by judging the credibility of the witness, is most competent to determine. See Tatum v. Four Pac Oil & Chemical Corp., 132 So.2d 569 (La.App. 3d Cir., 1961).
In rebuttal to defendant’s testimony, the plaintiff took the stand and testified as to a number of specific debts she paid on behalf of the defendant and to monies she had extended to him, which sums totaled well in excess of $4,000, the amount of the note here in question. Plaintiff-appellee also called as her witness the co-signer of the note, who was the former wife of the defendant, and her testimony corroborated in substance all the claims which the plaintiff had enumerated pertaining to debts owed her by the defendant.
It is the defendant-appellant’s contention that since the plaintiff failed to offer into evidence any receipts, cancelled checks or other evidences of payments she had made in behalf of the defendant, plaintiff thereby failed to carry her burden of proof and that the preponderance of evidence could not be in her favor in view of the denial by the defendant of any indebtedness to plaintiff. In support of his contention, defendant relies upon the cases of Moore Steel, Inc. v. Clear Lite Window Co., 178 So.2d 376 (La.App. 4th Cir., 1965); Haas Investment Co. v. Robert, 126 So.2d 654 (La.App.3d Cir., 1961); and Penn v. Burk, 244 La. 267, 152 So.2d 16 (1963).
We do not find these cases governing under the facts of the instant case. The Haas Investment Co. case (supra) is in-apposite. In the other two cited cases the plaintiffs were commercial enterprises in *733 the business of supplying goods and services to the public. The defendants, makers of the notes sued upon, rebutted the prima facie cases of the plaintiffs by showing that they did not receive all the materials or services in consideration for which the notes were issued. The court in both cases decided that the plaintiffs, holders of the notes, failed to prove by a preponderance of the evidence that the full consideration for the notes was in fact given by failing to submit bookkeeping entries, receipts, or any other evidences, which are customarily kept by such businesses, indicating that all the materials were supplied or the services performed. Thus, the plaintiffs were unable to collect from the defendants any sums in excess of the value of the materials and services actually proved to have been supplied the defendants.
Plaintiff here is not in the business of supplying goods and services to the public. It is neither required by law nor expected that she would maintain written accounts of all her costs over the years in support of the defendant. Therefore, we feel that the cases cited by the defendant-appellant are inapplicable to the instant case.
Having observed defendant giving his testimony, the trial judge seriously doubted that he had overcome the statutory prima facie case established by the plaintiff. But if he did, then the plaintiff’s burden of proof becomes the ordinary burden of persuasion — which is that she convince the trier of fact that the weight of credible evidence lies in her favor. The amount of evidence which the plaintiff must submit in order to outweigh the contrary evidence submitted by the defendant is a quantum relative to the mass and force of that opposing evidence. Thus, if the defense is a weak one, the plaintiff may need submit but slight evidence to sustain her position. On the other hand, if the defense is strong and amply supported by credible testimony, the plaintiff may find that she must submit masses of testimony and numerous witnesses before she would be capable of outweighing the evidence in favor of the defense.
The plaintiffs evidence consisted of the note itself (which was concededly signed by the defendant) and of her own testimony plus that of the co-maker of the note — the totality of which was ample to sustain a finding of valid consideration, unless the defendant should present a strong defense supported by ample evidence. The trial court apparently found the defense rather weak. It consisted of defendant’s denial that there was any indebtedness to the plaintiff. In answer to why he signed the note, he merely responded vaguely that he thought it was in contemplation of a purchase of the plaintiff’s house, which-purchase was never consummated. The proposed purchase of plaintiff’s house appears not to have passed the stage of casual talk between plaintiff and defendant, for no final agreement was ever made concerning the purchase nor were any papers ever drawn up relating to the same. On the other hand, plaintiff and the co-maker of the note both testified that defendant did not sign the note in order to effect the purchase of a house, ->but rather that the note was executed as remuneration to the plaintiff for past indebtednesses which the defendant owed plaintiff.
We cannot say that the lower court erred in finding that the plaintiff made out her case by a preponderance of the evidence.
As to appellant’s specification as error the trial court’s denial of his motion for a new trial, he contends first that he falls under the ambit of Article 1972 of the Code of Civil Procedure, which grants a right to a new trial “[w]here the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial * * * ” In support of his position, he alleges he was surprised by the evidence submitted by the plaintiff and claims that his father, who could not be reached during the trial, had significant testimony to render in defend *734 ant’s behalf in rebuttal to the plaintiff’s testimony presented at trial. He states as his reason for not anticipating the need of the father’s testimony before the case was tried that he did not know upon what evidence plaintiff would rely to prove that consideration was given for the note.
If the appellant was surprised at the trial of the case by the nature of the testimony submitted by the plaintiff, such was not caused by the plaintiff’s tactics. Appellant is required to use due diligence, and he had at his disposal, and for his use, ample discovery devices. (See Title 3, Chapter 3, Code of Civil Procedure, 1960.) He has not convinced this court that had he employed due diligence in preparing his defense, he still could not have anticipated the need to have the father’s testimony available at the trial. As succinctly stated in Orlando v. Polito, 228 La. 846, 84 So.2d 433, 434 (1955):
“For a new trial to be granted on the ground of newly discovered evidence, the party praying for it must show clearly that he discovered this evidence after the trial, and that he used every effort and all diligence in his power to timely procure the necessary evidence, and, if his vigilance is in doubt, his application must fail.”
See also, Bond v. City of Baton Rouge, 129 So.2d 887 (La.App. 1st Cir., 1961).
There is no showing that the defendant’s father could not have been subpoenaed for the trial had the appellant employed due diligence to make himself aware of the evidence intended to be used by the plaintiff at trial.
Appellant also seeks a new trial for the purpose of joining the co-maker of the note sued upon, as a defendant. He maintains that the trial court’s refusal to grant a new trial in order to permit the joinder may prejudice his rights to later seek contribution from the co-maker for one-half the value of the note, because of C.C.P. Art. 1113.
We can find no abuse of the trial court’s discretion by its refusal to grant a new trial on this ground. The comaker of a note (who is bound in solido with the other co-makers) is not an indis-pensible party to the suit, nor even a necessary party. See C.C.P. Art. 643. The defendant had ample opportunity to join the co-maker as a defendant before the trial had he wished to do so, since the case was not tried until several months after suit was filed. Matters such as this are questions of trial tactics and do not generally constitute grounds for the granting of a new trial. The defendant, having elected not to join the co-maker of the note, should not be awarded a “second bite” at the case after suffering an unfavorable judgment simply because added reflection may lead him to believe his trial tactics were not the best. Furthermore) for a new trial to be granted for a cause such as this is to work an injustice upon party victorious in the first trial. In addition, we seriously doubt that such joinder would vary the result, for the co-maker was a witness at the trial — in fact, she testified against the contentions of the appellant.
For the same reasons that we feel the district court properly denied defendant’s motion for a new trial, although that court had the discretionary power to grant a new trial by virtue of Art. 1973 C.C.P., likewise this court does not feel that this case is one wherein we should employ our equitable powers pronounced in Art. 2164 C.C.P. We recognize that there is precedent for our remanding the case for a new trial under our general equity powers, although there may be no error in the trial court’s proceedings. See Paletou v. Sobel, 185 So.2d 95 (La.App. 4th Cir., 1966). The outcome of each case of this nature must rest upon its own peculiar facts, and broad discretion must be allowed the court. There appears no circumstance surrounding this case compelling enough to move this court to invoke its equitable powers. We detect nothing from the record or appellant’s brief indicating any unfairness or injustice.
*735 For the foregoing reasons the judgment of the district court is affirmed, appellant to bear the costs of this appeal.
Affirmed.