SARTAIN, Judge.
Willie M. Brister instituted this suit individually and for and on behalf of his minor son, Jeffery K. Brister, age 3, for medical expenses incurred by plaintiff and for physical pain and suffering of his minor son resulting from an injury the child sustained when he fell from a slide belonging to defendant’s assured, Richard M. Turner. The trial judge found for the defendant declaring that petitioner had failed to prove his cause by a preponderance of the evidence. Counsel for plaintiff moved for a new trial urging that since judgment was rendered new and substantial evidence had been discovered that would change the result. This motion was denied. Plaintiff then obtained an order to proceed with this appeal in forma pauperis.
*659 Plaintiff’s petition alleged that defendant’s assured, Richard M. Turner knew that the slide in question was in an unsafe condition and should have taken appropriate action to deny its use to the young child. Defendant entered a general denial and in the alternative alleged that plaintiff’s wife had failed to properly supervise the child.
The incident giving rise to this litigation occurred in the afternoon of October 12, 1965 at approximately 3 o’clock P.M. Mrs. Brister accompanied by her young son was in her backyard hanging up clothes. In the adjacent yard was Mrs. Turner. Young Brister left the side of his mother and went into the Turner yard. He apparently was in the act of attempting to climb up the back side of the slide when he fell. Neither Mrs. Brister nor Mrs. Turner saw the child climb the ladder. Their attention was simultaneously attracted when they heard the child cry out. Mrs. Turner picked him up and handed him to his mother across the fence. Mrs. Brister observed that his elbow was “badly broken”. Mrs. Turner drove Mrs. Brister and the child first to their family physician, then to the office of an orthopedist, then to the Baton Rouge General Hospital. The injury sustained was identified by Dr. Dowell as “a fracture through the lower end of the humerus with considerable displacement of the lower or distal fragment.”
This case presents two questions. The first is purely factual, namely, whether the trial judge erred in declaring plaintiff had not proved that the slide was defective and dangerous. The second is whether there was error in the trial judge’s refusal to grant a new trial. For reasons hereinafter stated we are of the opinion that the trial judge’s decision on each of these questions is correct and should not be set aside by us on appeal.
The facts show that the slide in question was previously owned by a Mr. L. P. Bacon who lived down the street from the Bristers and Turners. This slide was initially attached to a swing set. Mr. Bacon testified that he could not keep it securely fastened to the swing set and that it was continually working loose to the point that he thought it was unsafe for use by small children. He therefore detached it from the swing set and discarded it by placing it in the front of his home to be picked up by the trash collector. He continued using the swing set.
Mr. Turner observing the slide on the “trash” heap in the front of the Bacon home asked Mrs. Bacon if he could have it. She consented and Mr. Turner took it to his home.
Mr. Turner testified that he reassembled the slide and set it up in his backyard. He stated that the slide was originally improperly assembled and that was the reason for its instability when used by the Bacons. He went into detail in explaining how he reassembled it, tightened it, using the original parts. His testimony is emphatic that the slide was placed in his yard about a month before the Brister youth fell from it and that it was still in his yard and in use at the time of the trial some 17 months later. He further explained that once he had reassembled the slide it was not necessary for him to retighten it or do any further work to insure its stability. He denied that it was dangerous, unsafe, or unstable. His testimony is fully corroborated by that of his wife.
The testimony of plaintiff and Mrs. Brister is to the effect that they did not have occasion to inspect the slide before the accident or at any time since the accident notwithstanding the fact that they are next door neighbors to the Turners.
Plaintiff’s case is based entirely on the fact that the slide was unsafe when it belonged to and was used by the Bacons and that it was unsafe when used by the Turners because of its detachment from the swing set. The record simply does not support this position.
*660 In deciding the case in favor of the defendant, the trial judge stated:
“The plaintiff proved that the slide was, undoubtedly, defective when acquired by Mr. Turner. However, Mr. Turner by his testimony established that the slide was completely dismantled and reassembled properly and that the slide had been improperly assembled originally. The Court believes that the slide could have been dangerous and may have been dangerous even after its repair, since it has been shown that the slide was originally anchored to a swing set which helped to give it stability. Nevertheless, the plaintiff bears the burden of proof in this case, as in all cases, to establish by a preponderance of the evidence that this in fact did make the slide dangerous and unstable. Unfortunately, the plaintiff, in this Court’s opinion, has not met the burden of proof of establishing that the slide was defective or dangerous.” (Emphasis trial judge’s.)
We have carefully reviewed the record and confirm the above expressed opinion of the trial judge.
The burden of proof rests squarely with the plaintiff to establish by a preponderance of the evidence that the slide as reassembled by Mr. Turner was unsafe for use by small children. This he has failed to do.
We turn next to plaintiff’s motion for a new trial. The trial of this case occurred on March 14, 1967. Oral reasons in favor of defendant were given by the trial judge on April 10, 1967. Judgment was signed on April 18, 1967. On April 20, 1967, plaintiff applied for a new trial averring.
“A witness, Mr. Dewey Young, is now available to testify and will testify that the slide on which plaintiff’s minor son was injured was dangerous and unsafe for its intended use if it was detached from a swing set which was a part of the entire play group for which it was originally designed and sold; that it was necessary for the slide to remain attached to the swing set for stability and to insure its safety in use.”
On May 18, 1967 the motion for a new trial was denied and the district judge stated “ * * * that the plaintiff has failed to show or establish any legal grounds as his basis for granting a new trial * * * The arguments of counsel relative to plaintiff’s application for a new trial are not before us. However, it is clear that the testimony of the proposed witness, Mr. Young, would be directed to the question of whether or not the detachment of the slide from the swing set would render the slide so unstable as to make its use dangerous and unsafe.
The application does not in our opinion support the conclusion that the testimony sought to be elicited from Mr. Young would change the result of the trial. The affidavit simply states conclusions. The record does not disclose whether Mr. Young is an engineer, representative of the manufacturer or salesman of the swing set. The record also fails to disclose that this witness was not available before or during the trial. CCP Art. 1972(2). Plaintiff urges in his brief that due diligence means reasonable effort and that plaintiff and/or his counsel exercised every reasonable effort to locate this witness. Apparently the trial judge was not impressed with this argument. There has been no showing that would justify our reversal of the trial judge on the determination of a matter that lies within his sound discretion. See Campbell v. Libersat, La.App., 203 So.2d 730; Holder v. Traveler’s Insurance Co., La.App., 159 So.2d 292, writs refused 245 La. 954, 162 So.2d 10; Brown v. Dauzat, La.App., 157 So.2d 570.
For the above and foregoing reasons the judgment of the district court is affirmed. The costs of this appeal are to be borne by plaintiff-appellant.
Affirmed.