CHASEZ, Judge.
The plaintiff herein, Robert E. Piper, initiated this action against John R. Neyrey, defendant, alleging that Neyrey was indebted to him in the amount of $6,200.00, the balance allegedly due on a certain promissory note in the face amount of $10,000.00. Judgment was renderd in favor of plaintiff for the full amount of his demand, including interest and attorney’s fees.
The facts m this case are somewhat unusual. In November, 1964, plaintiff agreed to lend defendant the sum of $5,000.00. This money was obtained through a loan from the Bank of Louisiana for which plaintiff executed a $5,000.00 promissory note with the defendant as endorser on the note. As consideration for this $5,000.00 loan the defendant executed his own promissory note with the plaintiff as payee, in the amount of $10,000.00. This $10,000.00 note, which is the note sued on herein, bore a maturity date of one year from the date of its execution. Defendant admitted making this note and stated that what he was in effect doing was giving the plaintiff a $5,000.00 bonus in return for the $5,000.00 loan.
The $5,000.00 note in favor of the Bank of Louisiana, executed by plaintiff, and endorsed by defendant, matured in 90 days from its execution. After the 90 day period had elapsed both plaintiff as maker and defendant as endorser were called upon by the bank to pay off the note. Defendant made a payment of $1,250.00 on the note and a new note was executed for the remaining balance of $3,750.00 with plaintiff again the maker and defendant the endorser. This second note likewise bore a ninety day maturity date. At the end of this ninety day period plaintiff and defendant were again called upon to pay off the note. As before the defendant made a payment of $1,250.00 and a new note was executed *559 for the remaining balance of $2,500.00 with plaintiff the maker and defendant the endorser. This note also bore a ninety day maturity date. At the end of this third ninety day period the procedure was repeated; plaintiff and defendant were called upon to pay off the note, the defendant paid $1,250.00 and a fourth note was executed for the remaining balance, $1,250.00, also with a 90 day maturity date, with plaintiff as maker and defendant as endorser. At the end of this fourth ninety day period when plaintiff and defendant were called upon to pay, plaintiff himself paid off the, note with the sum of $1,250.00.
By this time the one year had also elapsed on the $10,000.00 note executed by the defendant in favor of plaintiff. Plaintiff then made demand upon the defendant on this note for $6,200.00, crediting defendant with the three $1,250.00 payments defendant had made on the bank’s notes. Defendant refused to pay and this suit followed.
As a defense to plaintiff’s suit the defendant has alleged failure of consideration. His position is essentially that the original agreement between the plaintiff and himself was that the plaintiff was to lend him $5,000.00 for his use for a period of one year. At the end of the one year he would return to plaintiff $10,000.00. He contends that although he did receive the $5,000.00 he was not allowed the use of it for one full year as he was required to pay $3,750.00 back to the bank in the three 90 day intervals described above. Thus he alleges this forced early prepayment of the loan from plaintiff constitutes a failure of consideration for the $10,000.00 note, and he contends all he now owes plaintiff is $1,250.00 which is the amount left unpaid by him on the $5,000.00 loan.
The plaintiff on the other hand contends that there was no agreement between him and defendant for a one year’s use of $5,000.00, but that to the contrary defendant had approached him needing the $5,000.-00 immediately to exercise a lucrative land option that day. Plaintiff contends that defendant knew he would have to pay back this $5,000.00 on the terms the bank would require, and he would still owe plaintiff an additional $5,000.00 on the $10,000.00 note.
Both parties agree on the law applicable in this case.
LSA-R.S. 7:24 provides:
“§ 24. Presumption of consideration.
“Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.”
LSA-R.S. 7:28 provides:
“§ 28. Absence or failure of consideration.
“Absence or failure of consideration is a matter of defence as against any person not a holder in due course; and partial failure of consideration is a defence pro tanto, whether the failure is an ascertained and liquidated amount or otherwise;”
In Bernard Brothers v. Dugas, 229 La. 181, 85 So.2d 257 (1956) the Supreme Court made these remarks concerning the application of those two statutes in cases such as we have before us herein:
“[1-4] Under the Negotiable Instruments Law of this state and the jurisprudence of this court, every negotiable instrument is deemed prima facie to have been issued for a valuable consideration. R.S. 7:24; Moss v. Robinson, 216 La. 295, 43 So.2d 613, and cases there cited. For this reason, a plaintiff suing on a negotiable instrument is not required to produce any proof of consideration when he introduces the instrument into evidence, and this remains true in spite of the fact that the defendant in his answer may have alleged lack of consideration. Absence or failure of consideration is a matter of defense as against any person not a holder in due course, and partial failure of consideration is a defense *560 pro tanto. R.S. 7:28. The burden is thus on the defendant of going forward with the evidence and rebutting the prima facie case in favor of plaintiff. However, if during the trial of the case the defendant offers evidence which casts doubt upon the reality or the amount of the consideration, the presumption that the note was given for value is rebutted, and the burden shifts to the plaintiff to prove consideration by a preponderance of the evidence. Moss v. Robinson, supra.”
After a careful review of the testimony in the record before us in this case we conclude that the plaintiff has successfully borne his burden of proof that there was valid and sufficient consideration for the $10,000.00 note sued upon herein.
In so concluding we are impressed, as was the trial judge, by the fact that the defendant voluntarily made the payments to the Bank of Louisiana on the $5,000.00 note when called upon as endorser to do so. Defendant himself admitted he made no formal complaint to the bank that it was plaintiff, not he, who should make these payments; further he admitted he made no objection to plaintiff that his (defendant’s) payments were not according to their agreement. Defendant certainly had ample opportunity to do so as he went with plaintiff to the bank on three separate occasions after the original transaction, for the purpose of paying on the old notes and endorsing new ones. We can only conclude that plaintiff’s version of this agreement was the correct one, that defendant agreed from the beginning to pay off the $5,000.00 indebtedness when it became due, before a years time, and still pay to plaintiff an additional $5,000.00 as a bonus when the $10,000.00 note matured. Apparently the need for the $5,000.00 was so vital to the defendant in November, 1964 that he decided it would be to his financial interest to consummate such a transaction. In any event we are not called upon herein to understand what motivated the defendant to act as he did, but we must enforce the legal consequences of his action.
For the reasons hereinabove discussed the decision of the trial court is affirmed, appellant to pay all costs of this appeal.
Affirmed.