JULIAN E. BAILES, Judge Pro Tem.
This is an appeal from the judgment of the trial court awarding plaintiff judgment in the amount of $5,229, together with interest and attorney fees, against defendant.
Thomas J. Toranto, Jr., brought this action against William A. Copeland, III to collect the balance due on a promissory note executed in the original amount of $6,690 on which allegedly there was an unpaid balance of $5,229. Plaintiff alleged that he was the owner and bearer of the said note.
*823 In defense of .this action, defendant pleaded the affirmative defense of lack of consideration for the note.
The trial court, finding that the defendant had not carried the burden of proof, awarded judgment in favor of plaintiff, as prayed for. The defendant appealed. We affirm.
On the trial, the plaintiff, on direct examination, testified that he was the owner and bearer of the subject promissory note given in the principal amount of $6,690 payable in consecutive weekly installments of $35 each, beginning September 17, 1971; that after crediting all payments made, there was a balance due of $5,229. The note, by its terms, provides for eight per centum interest from maturity until paid, for twenty per cent attorney fees, and an acceleration clause that failure to pay any installment when due shall mature the entire unpaid balance.
The only proof offered by the defendant in support of his special affirmative defense of lack of consideration-was the testimony of the plaintiff elicited on cross-examination. The pertinent portion of this testimony is that the indebtedness of defendant to plaintiff had its inception in either 1965, or 1966, and in 1967 when plaintiff advanced the defendant sums of money for which he executed a note in excess of $9,000; that in 1968 Mr. Copeland filed bankruptcy proceedings and immediately following the first meeting of the creditors he went to plaintiff’s office and executed a new note for the sum of almost $9,000. This note through payments of $175 per month was reduced to the unpaid balance of $6,690.
Plaintiff further testified that in order to facilitate the liquidation of the balance due a new note,' the one herein sued on, was executed providing for consecutive weekly payments.
On examination by the trial judge regarding the whereabouts of the old notes and records of any of the advances made by him to defendant, plaintiff stated that he either gave the prior notes to the defendant or he destroyed them, and as to checks evidencing advances made to defendant in 1965 and 1966 he had not searched his records for them.
The defendant did not testify, nor is there any contradictory proof offered by him.
LSA-R.S. 7:24 provides:
“Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value.”
and LSA-R.S. 7:25 states:
“Value is any consideration sufficient to support a simple contract.
“An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.”
Herein, under the above quoted sections of the Negotiable Instruments Law, it is presumed that the note was given for a valuable consideration.
Under LSA-C.C.P. Article 1005, the defendant was required to and did affirmatively plead a (failure of) lack of consideration. He was required to present to the court proof of this defense sufficient to rebut the prima facie case established by the statute in favor of the plaintiff. See: Piper v. Neyrey, 222 So.2d 558 (La.App., 1969), and Campbell v. Libersat, 203 So.2d 730 (La.App., 1967).
The trial court found that defendant had not carried his burden of proving the defense of lack of consideration. We sustain this finding.
For the foregoing reasons, the judgment appealed is affirmed at appellant’s cost.