BLANCHE, Judge.
Defendant-appellants, Charles Ragusa and Son, and the Fidelity and Deposit Company of Maryland, appeal an adverse judgment of the Twenty-first Judicial District Court ordering them to pay, in solido, the sum of SIX THOUSAND FIVE HUNDRED FORTY AND 34/100 ($6,540.34) DOLLARS plus interest at the rate of SEVEN (7%) PERCENT per an-num from March 4, 1971 until paid, plus TEN (10%) PERCENT attorney’s fees and all court costs to the plaintiff-appel-lees, Zinsel Glass & Supply Co., Inc. We affirm.
In 1969, Charles Ragusa and Son, a partnership, contracted with the Tangipa-hoa Parish School Board to erect a school building in Amite, Louisiana. Keller Glass Works was a sub-contractor on the job, who bought materials from the plaintiff, Zinsel Glass. Ragusa, the general contractor, paid Keller, the sub-contractor, as per their contract. However, Keller did not pay his materialman, Zinsel, for materials bought by Keller from Zinsel from May, 1970, through January, 1971, and incorporated by him in the building.
On February 10, 1971, Preston Griffin Keller, individually and doing business as Keller’s Glass Works, filed a petition in bankruptcy in the U. S. District Court, Eastern District of Louisiana, naming both Zinsel and Ragusa as unsecured creditors. Zinsel did not file a claim in the subsequent bankruptcy proceeding which returned 68 percent of the indebtness owed by Keller to the creditors.
On March 4, 1971, in accordance with Section 2241 of the Public Contracts Law, Chapter 10, Title 38, Louisiana Revised Statutes, Zinsel filed a lien in the office of the recorder of mortgages of Tangipahoa Parish stating the amount due from Keller.
On March 25, pursuant to said law, an acceptance of the contract was filed and recorded by the School Board.
On November 2, under the authority of Section 2243 of the said Public Contracts Law, suit was filed by Zinsel against Keller, Ragusa and Son, and Fidelity, claiming the benefits of Section 2245 providing for summary trial of the proceedings, and Section 2246 providing for ten percent attorney’s fees.
Charles Hurston was also made a defendant, as it was alleged that he was a partner in Keller Glass Works. On the trial of the matter, proof failed as to the allegations, and Hurston was subsequently dismissed from this appeal by consent of appellants on January 7, 1975.
On May 10, 1971, Charles Ragusa and Son produced evidence of their bond with Fidelity and Deposit Company of Maryland which secured Zinsel’s lien. Thereafter, the School Board’s exception of No Cause of Action against Zinsel was granted by the trial court obviously because no objection was filed as to the solvency or sufficiency of the bond. (See L.S.A.R.S. 38:2244.) Thereafter, the trial court awarded judgment in favor of Zinsel against Ragusa and Fidelity, in solido.
Appellants contend Ragusa was a surety for Keller and in view of Zinsel’s inaction in the bankruptcy proceedings, he was discharged from his duties as surety, citing LSA C.C. Arts. 3035 and 3061. Keller’s creditors in the bankruptcy proceedings received distribution equaling 68 percent of the indebtedness owed and the appellants argue that the possible liability of Ragusa was increased by Zinsel’s failure to file a claim. They reason that Ragusa’s right of subrogation was prejudiced by the inaction of the creditor, Zinsel, and therefore Ra-gusa was discharged from his obligations as surety.
Appellants’ argument is without merit. It has long been settled that surety-ship contracts must be in writing and are strictly construed, Gulf Refining Co. v. Loeb, 195 So. 848 (La.App. Orleans, 1940, writs denied, July 18, 1940, unreported). *690 In this regard, we note that even though Ragusa claims to have been a surety for Keller, appellants have not produced evidence of a written suretyship agreement with Keller; nor does the written subcontract between Ragusa and Keller contain any such suretyship clause which might be relied upon by appellants. In view of the foregoing, we find that the appellants have failed to prove a suretyship agreement existed between Ragusa and Keller, and therefore, regardless of the merits of their claim, they are precluded from relying upon the cited articles of the Louisiana Civil Code to relieve Ragusa and Son of responsibility for the debt of their subcontractor, Keller, to his materialman, Zinsel.
Appellants’ final argument, as best we can interpret it, is that equitable principles should preclude enforcement of the lien. In support thereof, they cite McGee v. Missouri Valley Dredging Company, 182 So.2d 764 (La.App. 1st Cir. 1969) writ denied, 249 La. 62, 184 So.2d 734, 1966, for the proposition that privileges are a derogation of common rights, and therefore they are construed in favor of persons who are adversely affected thereby. They contend that since Zinsel was aware of Keller’s financial trouble but did not notify Ragusa of such fact, equity demands that the lien created by the Public Contracts Law be construed in favor of them since they are adversely affected thereby, McGee, supra. Appellants conclude this would necessarily require the erasure of Zinsel’s lien from the mortgage records and relieve them of liability therefor.
While we acknowledge the holdings of McGee, supra, and the several other companion cases cited by the appellants, we find them inapplicable. The crucial issue in those cases was always whether or not the party who asserted the privilege in fact had a right to do so under the pertinent statute, and the matter was always resolved in favor of the debtor. Equitable principles had nothing to do with the resolution of those cases.
Nor have we been cited any authority for the proposition that equitable principles is a defense to a claim filed in strict compliance with the Public Contracts Law. But whether equity in a proper case may be interposed against a creditor who seeks to enforce a lien in his favor in accordance with statutory law is a question we need not decide because Ragusa has no argument in equity. No duty was imposed on Zinsel to give Ragusa prior notice of Keller’s financial difficulties or default, except in accordance with the terms of the statute. R.S. 38:2247 prescribes the duty and merely requires that before any person having a direct contractual relationship with a sub-contractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana.
Such notice was given by Zinsel in the manner and form as provided by law, and his claim was properly recognized by the trial court.
For the foregoing reasons, the judgment of the trial court in favor of plaintiff Zin-sel Glass & Supply Co., Inc. and against the defendants Charles Ragusa and Son and the Fidelity and Deposit Company of Maryland, is affirmed at appellants’ costs.
Affirmed.