BOUTALL, Judge.
Edward J. Savois, a lessor, appeals from a judgment holding that the six named defendants did not sign a lease as lessees or accommodation parties, and thus are not personally liable for $2800.00 in unpaid rent under the lease.
In June of 1978, one of the defendants, Lloyd LeBlanc, negotiated with Edward Sa-vois to arrange for the Gramercy Health Club, Inc. of which Mr. LeBlanc was an incorporator, to lease appellant’s building on E. Main Street in Gramercy.
The lease was executed on June 9, 1978. It was to run for 18 months, with rent at $400.00 per month for the first three months, and $450.00 per month thereafter. Appellant testified at trial, and it is undisputed, that the Health Club defaulted on its rent payments in February of 1979, leaving 9 months of unpaid rent, or $4,050.00. The Health Club subsequently left town. Then in July of 1979, appellee Lloyd LeBlanc tendered some $1250.00 to appellant as partial payment of the back due rent, leaving a balance due of $2800.00 under the lease.
The Health Club’s present whereabouts do not appear from the record, and it is presumably defunct. However, after it left Gramercy, it did for a time sublet the building in question for storage. Mr. Savois testified that he received no money from the subletting.
Appellant sued Messrs. Otis H. Taylor, Jr., Kenneth Ellis, Lloyd LeBlanc, Jr., Joseph Lucia, Jr., Carl Monica, and Frank Monica, Jr. whose signatures appear on the Health Club Lease, for the balance of the rent due under the lease.
The trial court denied recovery, finding that the six defendants were not personally *1220 bound and reasoning that the six signatures appeared on the lease either as individual shareholders showing acquiescence to the inclusion of the typed property description paragraph on the standard form lease, or to demonstrate their ratification of the action of Kenneth Ellis in binding the corporation, in the absence of a corporate resolution for the same purpose.
The issue before us on appeal is, as stated by appellant, whether the six individuals named above signed the lease in the capacity of lessees or accommodation parties, resulting in their being personally bound for the outstanding $2800.00. We decide that appellees are not personally bound, for the following reasons.
Turning to the lease itself, it is an unfortunate example of the vague and inadvertent effects parties can achieve with a carelessly prepared document. The lease is a standard form which may be purchased from an office supply store. Line 2 lists lessee as “Gramercy Health Club, Inc. herein represented by Kenneth Ellis, as per attached resolution.” There is no resolution attached to the lease. Down below, in part of the blank space provided for a description of the leased property appear the names of the six defendants, typed in, with no indication of the capacity in which the six appear, or the reason for their inclusion.
Farther down, on line 166, below the terms of the lease, the signatures of the six defendants appear, again with no indication of capacity.
Lower, in the blank provided for the surety’s name, “none” has been typed in.
Finally, appellee Kenneth Ellis’ signature appears on the line designated for the lessee’s signature, again with no designation of the capacity in which he signed.
Our task in construing the contract now before us on appeal is guided by the well-established general principle that:
“Contracts must be construed in such a way as to lead to logical conclusions and to give effect to the obvious intention of the parties. They must be interpreted in a common-sense fashion, according to the words of the contract their common and usual significance.” LSA C.C. art. 1946.
Lambert v. Maryland Casualty Co., 418 So.2d 553 at 559 (La.1982).
With this in mind, it is nonetheless apparent on the face of this lease that ambiguities exist and that the intention of the parties might be susceptible of differing interpretations. Well-established rules also exist as to the judicial interpretation of ambiguities in a contract. La.C.C. art. 2276 provides:
“Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.”
However, case law has created certain exceptions to this rule as follows:
“It has been held that, as between parties to an instrument, parol evidence is admissible and competent to show fraud, mistake, illegality, want or failure of consideration, to explain an existing ambiguity when the explanation sought to be offered is not inconsistent with its written terms.... ” [Citations omitted]
Raymond B. Gautreau v. Modern Finance Co. of Gonzales, Inc., 357 So.2d 871 at 872 (La.App. 1st Cir.1978).
There was testimony at trial from both plaintiff-appellant Savois and defendant-ap-pellee Lloyd LeBlanc as to their understanding of the nature of the obligation which the parties entered into under the lease. Appellee LeBlanc testified that when he signed the lease he did not feel that he was binding himself personally, but rather was acting as representative of the Health Club.
Appellant, on the other hand, referred interchangeably to the Health Club and the six appellees as the lessees throughout his testimony. Interestingly, he testified that appellee LeBlanc tendered him $1250.00 in past due rent in July of 1979, paid by personal check. However the check was not produced at trial.
*1221 We believe, as did the trial court, that the key to resolving the issue of the parties intent under the contract is the dangling proviso “... as per attached resolution” which appears on line 2 of the lease after the description of lessee as “Gramercy Health Club herein represented by Kenneth Ellis.... ” Though no resolution was in fact attached, the names of the six incorpo-rators were typed in the next available blank space below. Similarly, the signatures of the six appear at the end of the lease in a large blank space above the space for the signatures of lessor and lessee.
An interpretation other than that which we arrive at, namely, that the six appellees signed the lease to manifest their assent to the action of Kenneth Ellis in binding the newly formed corporation, would be an interpretation inconsistent with the written terms of the lease.
The appellees cannot be held to be lessees because nowhere in the lease are they designated as such, although the parties could easily have modified this form lease to include lessees other than the Gramercy Health Club had this been their intention. The testimony of appellee LeBlanc is thus not inconsistent with the actual terms of the lease, and in our view, his is the most logical explanation of the appearance of the six appellees in the lease.
Additionally, the appellees cannot be held to be sureties for the Health Club because such an interpretation would violate the express terms of the lease wherein the word “none” was typed in the blank provided for the surety’s name. Further, a contract for suretyship must be in writing and the intent to be bound must be expressed. La.C.C. art. 3039; Zinsel Glass & Supply Co., Inc. v. Ragusa, 310 So.2d 688 (La.App. 1st Cir.1975).
We hold, therefore, that appellees are not personally liable for the $2800.00 back due rent under the lease. The Gramercy Health Club, Inc. is solely liable, and appellant must seek recourse against the corporation.
AFFIRMED.